UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sarah and Dent Dykes, | : <br> : <br> : Civil Action No.: 1:15-cv-13001 |
| Plaintiff, | : |
| v. | : <br> : |
| EOS CCA; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendants. | : <br> : <br> : |

For this Complaint, the Plaintiffs, Sarah and Dent Dykes, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Sarah and Dent Dykes ("Plaintiffs"), are each adult individual residing in Bogalusa, Louisiana, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and are each a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant EOS CCA ("EOS"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is

a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Collectors") are individual collectors employed by EOS and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. EOS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to EOS for collection, or EOS was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. EOS Engages in Harassment and Abusive Tactics

11. Within the last year, EOS began calling Plaintiffs' cellular telephone, number 985-XXX-1905 in an attempt to collect the Debt from "Alma Levy" (hereafter "the Debtor"), a person unknown to Plaintiffs.

12. Plaintiffs did not provide EOS with their cellular telephone number. On information and belief, EOS obtained Plaintiffs' number through "skip tracing."

13. During all times mentioned herein, EOS called Plaintiffs by using and automatic telephone dialer system ("ATDS") and by using an automated prerecorded voice.

14. When Plaintiffs answered the calls from EOS they were met with a prerecorded message instructing them to hold before being connected to a live representative.

15. Plaintiffs informed EOS that the Debtor was unknown to them and unreachable at their number, and as such, demanded all calls to their cellular telephone cease.

16. Nevertheless, EOS continued calling Plaintiffs in an attempt to reach the Debtor.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. EOS' conduct violated 15 U.S.C. § 1692b(3) in that EOS contacted Plaintiffs in regards to the Debtor's debt on numerous occasions, without being asked to do so.

19. EOS' conduct violated 15 U.S.C. § 1692d in that EOS engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt.

20. EOS' conduct violated 15 U.S.C. § 1692d(5) in that EOS caused a phone to ring repeatedly and engaged Plaintiffs in telephone conversations, with the intent to annoy and harass.

21. EOS' conduct violated 15 U.S.C. § 1692f in that EOS used unfair and unconscionable means to collect a debt.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiffs are entitled to damages as a result of EOS' violations.

## COUNT II
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiffs never provided their cellular telephone number to EOS or the Creditor and never provided their consent to be contacted on his cellular telephone.

26. Without prior consent EOS contacted Plaintiffs by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendants continued to place automated calls to Plaintiffs' cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiffs were made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

28. The telephone number called by EOS was assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. The calls from EOS to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. EOS' telephone system has the capacity to store numbers in a random and sequential manner.

31. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against EOS:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 22, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff